Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1319 | **DATE** | March 8, 2013 |
| **CASE TITLE** | Larry Bryant (#2011-0224158) v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to collect $7.90 from Plaintiff's trust account as an initial partial filing fee and to continue making deductions as set out below. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The clerk shall issue summons for service of the complaint on Chicago Police Officers S. Prieto, J. Davis (#14710), J Crisp, C. Weatherspoon, J. Davis (#4630), G. O'Malley, P. McDonough, S. Martin, E. Johnson, C. Chimslar, and the U.S. Marshal is directed to serve them. Defendants Garry McCarthy and City of Chicago are dismissed. The clerk shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff, Larry Bryant, currently confined at the Cook County Jail, has filed another 42 U.S.C. § 1983 action and seeks *in forma pauperis* status to file his complaint. Plaintiff names the City of Chicago, its Police Superintendent Garry McCarthy, and ten Chicago police officers as Defendants. Plaintiff alleges that, on February 23, 2011, the officers entered his apartment, arrested him, and searched him pursuant to a warrant. Plaintiff contends that the officers knew the warrant was not meant for him. According to Plaintiff, the warrant described an unnamed person that was not Plaintiff. Superintendent McCarthy and the City allegedly allow a policy of officers to falsely arrest citizens.

     Plaintiff's *in forma pauperis* motion indicates that he is unable to prepay the filing fee, and the Court grants his motion. The Court assesses an initial partial filing fee of $7.90. 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's place of confinement is authorized to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Court. After payment of the initial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event that Plaintiff is transferred.
**(CONTINUED)**

| | Courtroom Deputy Initials: | isk |
|---|---|---|

| STATEMENT |
|---|

    The Court has conducted a preliminary review of the complaint. *See* 28 U.S.C. § 1915A. The above-stated allegations assert colorable claims against the ten officers who allegedly executed the warrant, falsely arrested Plaintiff, and searched his apartment. *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743-44 (7th Cir. 2003); *see also Guzman v. City of Chicago*, 565 F.3d 393, 397-98 (7th Cir. 2009). Plaintiff may proceed with his complaint against the ten Chicago officers.

    As to Superintendent Garry McCarthy and the City of Chicago, however, Plaintiff's claims merely speculate that there was a policy of allowing false arrests and/or improper executions of warrants. Labels, legal conclusions, and conjecture are insufficient to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, Plaintiff's assertion of a policy appears to be based upon the one incident described above. "A single isolated incident of wrongdoing by a non-policymaker is generally insufficient to establish municipal acquiescence in unconstitutional conduct." *Cornfield v. Consolidated High School Dist. No. 230,* 991 F.2d 1316, 1326. (7th Cir. 1993).

    Accordingly, the clerk is directed to issue summons for service of the complaint on the Chicago Officers S. Prieto, J. Davis (#14710), J Crisp, C. Weatherspoon, J. Davis (#4630), G. O'Malley, P. McDonough, S. Martin, E. Johnson, C. Chimslar. The United States Marshals Service is appointed to serve the Defendants. The Marshal shall send any service forms necessary to serve the Defendants to Plaintiff to complete. Plaintiff's failure to return the forms may result in the dismissal of Defendants. The Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, officials with the Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    The court denies without prejudice Plaintiff's motion for the appointment of counsel. Plaintiff's case does not currently involve complex issues, complex discovery, or an evidentiary hearing, and his complaint demonstrates his ability, at least at this stage, to present his claims adequately. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007); *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004).

    Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to their counsel. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.