# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1319 | **DATE** | July 1, 2013 |
| **CASE TITLE** | Larry Bryant (#2011-0224158) vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss Plaintiff's state law claims [12] is granted in part. Plaintiff's state law claims of false arrest, false imprisonment, intentional infliction of emotional distress, and respondeat superior are dismissed with prejudice. His state law claim of indemnification remains and the City of Chicago is reinstated as Defendant for this claim only. The clerk shall: (1) change the docket to show that the City is still a Defendant, (2) issue summons for service of the complaint on the City, and (3) issue alias summonses for Chicago Officers S. Prieto and J. Davis (#14710). Plaintiff and Defendants are directed to submit a status report by July 31, 2013, and thereafter every 90 days, stating the status of Plaintiff's criminal case. Repeated failures by Plaintiff to file a status report may result in dismissal of this case for want of prosecution.

■[ For further details see text below.]          Docketing to mail notices.

## STATEMENT

Currently before the court is Defendants' (eight Chicago police officers) motion to dismiss Plaintiff Larry Bryant's state law claims of false arrest, false imprisonment, and intentional infliction of emotional distress as time barred. Defendants also seeks dismissal of Plaintiff's indemnification and respondeat superior claims. Plaintiff has not responded to the motion. For the following reasons, the court grants Defendants' motion in part and dismisses as untimely Plaintiff's state law claims of false arrest, false imprisonment, and intentional infliction of emotional distress. The respondeat superior claims are also dismissed. However, Plaintiff's indemnification claim remains and the City of Chicago is reinstated as a Defendant.

Plaintiff, a Cook County Jail pretrial detainee, initiated this 42 U.S.C. § 1983 action against the City of Chicago, its Police Superintendent Garry McCarthy, and ten Chicago police officers. Plaintiff alleges that, on February 23, 2011, Chicago officers entered his apartment, arrested him, and searched him pursuant to a warrant that the officers allegedly knew was not meant for him. According to Plaintiff, the warrant described an unnamed person that did not match Plaintiff's description. Plaintiff asserts § 1983 clams of false arrest, false imprisonment, and illegal search (count 1), as well as state law claims of false arrest, false imprisonment, and intentional infliction of emotional stress (counts 2-4). The complaint also asserts an indemnification claim against the City of Chicago and respondeat superior and unconstitutional policy claims against the City and Chicago Police Superintendent McCarthy (counts 5 and 6).

On initial review, this court allowed the complaint to proceed with the claims against the Chicago officers but dismissed the City and McCarthy upon determining that Plaintiff's allegations of an unconstitutional policy were too broad to state a claim and that proof a single incident of false arrest, false imprisonment, and an illegal search, which Plaintiff alleges, would be insufficient to establish a policy. Presently, this case is stayed pending resolution of Plaintiff's state criminal case. Though there is a stay, briefing was ordered for the motion to dismiss to clarify the claims of this case.

# STATEMENT

The statute of limitations for Plaintiff's federal 42 U.S.C. § 1983 claims is two years, which is the statute of limitations for personal injury claims in Illinois. *See* 735 ILCS 5/13-202; *see also Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006). For his state law claims, however, "[t]he limitations period for tort claims, such as intentional infliction of emotional distress, against governmental entities and their employees ... is only one year pursuant to 745 ILCS 10/8-101." *Evans*, 434 F.3d at 934, citing 745 ILCS 10/8-101 ("No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued").

Plaintiff's state law claims of false arrest, false imprisonment, and intentional infliction of emotional distress, all of which occurred on or around February 23, 2011, are untimely. Plaintiff did not bring this suit asserting these claims until February 2013, almost two years from the date of the "last confirmed interaction" between Plaintiff and the Defendant officers. *Evans*, 434 F.3d at 934. Accordingly, the sate law claims of false arrest, false imprisonment, and intentional infliction of emotional distress are dismissed. The court notes that, although Plaintiff raises several claims about the February 2011 search, arrest, and initial confinement, he does not also claim malicious prosecution – that Defendants have participated in a wrongful prosecution of Plaintiff. *See generally* Complaint. If Plaintiff intended to bring such a claim, for which the limitations period has not yet accrued, *see Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009), he should seek to submit an amended complaint that clearly includes the claim.

Defendants also seek to dismiss the state law claims of indemnification pursuant to 745 ILCS 10/9-102 and respondeat superior. This court did not fully address these claims in its 3/8/13 initial review order wherein Defendants the City of Chicago and Police Superintendent Garry McCarthy were dismissed. Upon further review of the complaint, and considering Defendants' motion to dismiss, the claims against McCarthy (respondeat superior and an unconstitutional policy) are dismissed. Now that the state law claims have been dismissed, there are no claims to which respondeat superior would apply. Accordingly, the respondeat superior claims are dismissed and McCarthy remains dismissed as a Defendant.

As to the indemnification claim, however, Plaintiff does state a claim and the City shall be reinstated as a Defendant. Section 745 ILCS 10/9-102 directs a local municipality to indemnify its employees and pay any compensatory damages "for which it or an employee while acting within the scope of his employment is liable." Though earlier courts held that an indemnification claim should be raised only after obtaining a judgment against the city employee, *see Spiegel v. City of Chicago*, 920 F. Supp. 891, 901 (N.D. Ill. 1996); *Rosentreter v. Munding*, 736 F.Supp. 165, 171-72 (N.D. Ill. 1990), the Seventh Circuit in *Wilson v. City of Chicago*, 120 F.3d 681, 685 (7th Cir. 1997), indicated that an indemnification claim may be brought prior to a judgment against the employees of a governmental entity. *See Sassak v. City of Park Ridge*, 431 F. Supp. 2d 810, 822 (N.D. Ill. 2006) (Moran, J.). Accordingly, the indemnification claim shall remain and the City of Chicago is reinstated for this claim only.

For the reasons stated above, Defendants' motion to dismiss the state law claims of false arrest, false imprisonment, and intentional infliction of emotional distress is granted. These claims are dismissed as time-barred. Plaintiff's claim of respondeat superior under state law is dismissed and Police Superintendent remains dismissed as a Defendant. Plaintiff's indemnification claim remains and the City of Chicago is reinstated as a Defendant for this claim. Plaintiff may proceed with his federal claims of false arrest, false imprisonment, and an illegal search, as well as his state claim of indemnification by the City of Chicago, which is reinstated as a Defendant.

The court notes that no appearance has been made for two Defendants – S. Prieto and J. Davis (#14710). The clerk shall issue alias summonses for these Defendants as well as for the City of Chicago.