UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY BRYANT ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 C 1319 |
| v. ) | Hon. Marvin E. Aspen |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is the motion for summary judgment filed by Defendants City of Chicago and Chicago Police Officers Prieto, Davis, Weatherspoon, Crisp, O'Malley, McDonough, Martin, Johnson, and Chimslar ("Defendant Officers"). (Dkt. No. 75.) For the reasons set forth below, we grant in part and deny in part Defendants' motion.

**BACKGROUND**

Unless otherwise noted, the facts herein are undisputed and gathered from the parties' Local Rule 56.1 statements of fact and exhibits thereto. (*See* Defs.' SOF (Dkt. No. 76); Pl.'s SOF (Dkt. No. 56).) To the extent that either party objected to certain statements of fact or exhibits, we rely only on admissible evidence. *See e.g.*, *Hemsworth v. Quotesmith.Com., Inc.*, 476 F.3d 487, 490 (7th Cir. 2007) ("The evidence relied upon in defending a motion for summary judgment must be competent evidence of a type otherwise admissible at trial." (citation omitted)). Accordingly, we decline to address objections specifically unless warranted.

On February 22, 2011, Officer Salvador Prieto spoke with a confidential informant about narcotics sales allegedly transpiring in the second floor apartment of 6014 South Elizabeth

Street, Chicago, Illinois ("the apartment").[1] (Defs.' SOF ¶ 5.) The informant told Officer Prieto that he[2] repeatedly purchased heroin from an unknown black male at that address for the past two months, most recently on February 21, 2011. (*Id.* ¶¶ 6, 8, 19.) Specifically, the informant recounted that he arrived at the apartment on February 21, 2011 and knocked on the second floor apartment door, where an unknown black male greeted him and allowed him to enter the apartment. (*Id.* ¶¶ 8–10.) The informant further told Officer Prieto that, after entering the apartment, he asked the man for two bags of "dope" and watched him walk into another room in the apartment and return with a large bag containing smaller bags of what the informant believed to be heroin. (*Id.* ¶¶ 7, 11–12.) The informant stated he then purchased two bags of heroin from the man, and continued to return to the apartment to purchase heroin approximately three times a week during the relevant time period. (*Id.* ¶¶ 13, 20.)

Officer Prieto showed the informant a photo of the building at 6014 South Elizabeth Street. (*Id.* ¶ 22.) The informant identified it as the building where he purchased heroin. (*Id.* ¶¶ 23.) Officer Prieto drove the informant past 6014 South Elizabeth Street, at which point the informant again identified the building as the location where he purchased heroin. (*Id.* ¶¶ 24–25.) Based on this information, Officer Prieto prepared a Complaint for Search Warrant and Search Warrant on February 23, 2011. (*Id.* ¶ 26.) The Complaint and Search Warrant described the unknown individual as a black male, "5'6–5'7" in height, dark complexion, with short black hair, and weighing 140–145 pounds." (*Id.* ¶ 31.) On February 23, 2011, Officer Prieto produced the informant before the Circuit Court of Cook

---

[1] Plaintiff argues that the confidential informant's statements as recounted by Officer Prieto are inadmissible hearsay. (Pl.'s Resp. to Defs.' SOF ¶¶ 5–26, 28–29.) The statements contained in the complaint for a search warrant are offered to establish what the confidential informant told Officer Prieto, not to establish their truth, and thus are not hearsay. Fed. R. Civ. P. 801(c)(2).
[2] Defendants refer to the informant as "J. Doe," and do not assign a gender pronoun. For convenience, we refer to the informant as male.

2

County and received a warrant authorizing the search of the apartment and the man described by the informant. (*Id.* ¶ 30; Dkt. No. 76–2.)

The same day, the Defendant Officers executed the Search Warrant for the apartment. (*Id.* ¶ 33.) Plaintiff was present in the apartment when the Defendant Officers entered. (*Id.* ¶ 34.) During their search, Defendant Officers recovered heroin from the kitchen and the front south bedroom, and mail addressed to Plaintiff from the front south bedroom. (*Id.* ¶ 35, 37.) Defendant Officers also searched Plaintiff and recovered a set of keys to the front door of the apartment. (*Id.* ¶ 36.) After the Defendant Officers placed Plaintiff under arrest and read him his *Miranda* rights, he told them that he had lived in the apartment for a few months, and that during this time he slept in the front south bedroom. (*Id.* ¶ 38.) Plaintiff was charged with possession of controlled substances in violation of Illinois law. (*Id.* ¶ 40.) On February 11, 2015, Plaintiff pled guilty to knowingly possessing with intent to deliver one to fifteen grams of heroin in violation of 720 ILCS 570/401(c)(1). (*Id.* ¶ 43.)

On February 2, 2013, Plaintiff filed a complaint alleging a claim under 42 U.S.C. § 1983 for false arrest, false imprisonment, and illegal search, as well as state law claims for false arrest, false imprisonment, intentional infliction of emotional distress, and respondeat superior arising from his arrest on February 23, 2011. On July 1, 2013, we dismissed Plaintiff's state law claims of false arrest, false imprisonment, intentional infliction of emotional distress, and respondeat superior with prejudice as untimely, but allowed his § 1983 claim to proceed. (Dkt. No. 19.) On January 29, 2014, Plaintiff filed his second amended complaint against Defendants alleging a § 1983 claim for violation of his Fourth Amendment rights as a result of alleged "unlawful

3

restraint, arrest, and unreasonable search and seizure", as well as state-law claims for false arrest, false imprisonment, malicious prosecution, and indemnification.[3] (Dkt. No. 48.)

## LEGAL STANDARD

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The initial burden is on the moving party to identify those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotations omitted). Once the moving party meets this burden of production, the nonmoving party "must go beyond the pleadings" and identify portions of the record demonstrating that a material fact is genuinely disputed. *Id.*; Fed. R. Civ. P. 56(c).

In deciding whether summary judgment is appropriate, we must accept the nonmoving party's evidence as true and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513. We do not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson*, 477 U.S. at 249–50, 106 S. Ct. at 2511). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 970 (7th Cir. 2004) (citation omitted).

---

[3] The state-law false arrest and false imprisonment claims contained in Plaintiff's second complaint are identical to those we dismissed with prejudice on July 1, 2013, and so remain dismissed. (*See* Dkt. No. 19.)

4

# ANALYSIS

## I. Section 1983 Fourth Amendment Claims

Defendants argue summary judgment should be granted on Plaintiff's § 1983 claim because the police had probable cause to search and arrest him. (Defs.' Mem. ISO Summ. J. (Dkt. No. 77) at 7–12). Plaintiff responds that the search warrant executed by Defendant Officers was invalid a genuine factual dispute exists regarding the reasonableness of their search. (Pl.'s Resp. (Dkt. No. 86) at 7–11.) Plaintiff also argues Defendant Officers lacked probable cause to arrest him because he did not sufficiently match the search warrant's description of the person to be searched. (*Id.* at 8.)

### A. Illegal Search

Defendants first argue the undisputed facts show that the search warrant was valid and authorized Defendant Officers' search of Plaintiff, and there is therefore no genuine factual dispute as to the reasonableness of that search. (Defs.' Mem. at 7–11.) Plaintiff argues the Defendant Officers lacked probable cause, and the search warrant was invalid because there is "no admissible evidence" that the confidential informant, who submitted an affidavit in support of the application for a search warrant, provided any reliable information to the police or judge, or even that the informant exists. (Pl.'s Resp. at 9 ("Here, there is no admissible evidence [the informant] existed. Defendants' motion fails to attach an affidavit of [the informant], and fails to attach an affidavit of Prieto attesting to his conversations with [the informant].").)

The complaint for a search warrant includes sworn statements by Officer Prieto regarding the confidential informant's statements as to when, where, and from whom he purchased heroin. (Dkt. No. 76–2.) The confidential informant further swore to the accuracy of those statements, and was produced before the judge for questioning before the warrant was issued. (*Id.*) We

presume the sworn statements in support of the complaint for the search warrant are valid. *United States v. Jones*, 208 F.3d 603, 604 (7th Cir. 2000) (citing *Franks v. Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674, 2674 (1978)). Accordingly, in order to show there is a genuine factual dispute regarding the validity of the warrant, Plaintiff must make a showing that the complaint for a search warrant included "a false statement knowingly and intentionally, or with reckless disregard for the truth." *Franks*, 438 U.S. at 155–56, 98 S. Ct. at 2674. Plaintiff has put forth no such evidence and has therefore failed to establish a genuine issue of material fact as to the validity of the search warrant.

Plaintiff also argues Defendant Officers unreasonably executed the search warrant. Specifically, he argues their search of his person was unreasonable because the search warrant "authorized a search of a Black man with short hair and an age of 31–33, whereas the Plaintiff was a Black man, who was bald, and almost 20 years older." (Pl.'s Resp. at 8.) The undisputed facts show that Defendant Officers had a valid warrant authorizing a search of the apartment and of a "Male Black, 31–33 years old, 5'6–5'7 Height, 140–45 lbs, Dark Complexion, Short black hair, Mustache." (Dkt. No. 76–2.) When Defendant Officers executed the search warrant and entered the apartment, Plaintiff was present.[4] (Defs.' SOF ¶ 34; Pl.'s Resp. to Defs.' SOF ¶ 34.) Plaintiff "was a darker African American male, . . . weighing approximately 147 pounds, standing approximately 5'4." (Def.'s SOF ¶ 32; Pl.'s Resp. to Def.'s SOF ¶ 32.) At the time, Plaintiff was 47 years old. (Dkt. No. 76–4.)

---

[4] In his statement of additional material facts, Plaintiff claims he "was the only person arrested, even though others were also present, including his son who more closely matched the age of the person on the Search Warrant." (Dkt. No. 87 ¶ 6 (citing Plaintiff's Ex. A (Dkt. No. 87–1) at Pg. ID# 258–75).) Plaintiff's Exhibit A, which contains excerpts from his deposition testimony, lacks any support for the assertion that any other person was present in the apartment when he was arrested, and so we decline to consider that fact. Fed. R. Civ. P. 56(c).

"[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment." *Hill v. California*, 401 U.S. 797, 804, 91 S. Ct. 1106, 1111 (1971). While Plaintiff has pointed to differences between the search warrant and his appearance, such discrepancies are insufficient to create a genuine issue of material fact as to whether Defendant Officers reasonably determined he was the man identified by the warrant. *See Tibbs v. City of Chi.*, 469 F.3d 661, 664 (7th Cir. 2006) ("This circuit's cases have . . . recognized that discrepancies between an arrest warrant and the arrestee's physical appearance, address, and birth date are often insufficient to create a genuine factual dispute about whether arresting officers had probable cause.").

Defendant Officers entered the apartment described in the search warrant and saw a man whose height, weight, skin color, and complexion all approximately matched those described in the warrant. While Plaintiff was nearly 20 years older than the person described by the informant, those characteristics are "relatively close" to the informant's description, and "might cause a reasonable officer, when first seeing [Plaintiff], to believe he was the target of the warrant." *Collier v. City of Chi.*, 14 C 2157, 2015 WL 5081408, at *5 (N.D. Ill. Aug. 26, 2015). Defendant Officers searched the apartment and found heroin in the kitchen freezer. (Def.'s SOF ¶ 35; Pl.'s Resp. to Def.'s SOF ¶ 35.) They found heroin in the front south bedroom, along with mail addressed to Plaintiff and bearing the apartment's address. (Def.'s SOF ¶ 37.) Defendant Officers then searched Plaintiff. Given the information known to the officers at that point, no juror could find they were unreasonable in believing Plaintiff to be the man described in the search warrant. *Cf. Hill*, 401 U.S. at 804, 91 S. Ct. at 1111 (finding officers had probable cause to arrest man who produced documentation proving he had a different name than the suspect, but was found alone in the suspect's apartment with contraband in plain view);

*Johnson v. Miller*, 680 F.2d 39, 41–42 (7th Cir. 1982) (affirming dismissal of § 1983 claim for a Fourth Amendment violation where officers twice incorrectly arrested a person with the same name as the suspect, but whose skin color did not match the description in the arrest warrant).

### B. False Arrest and False Imprisonment

Defendants also argue that the undisputed facts show they had probable cause to arrest Plaintiff, because he was present in the apartment when they executed the search warrant, and he matched the person described by the confidential informant and in the search warrant. (Def.'s Mem. at 11–12.) Plaintiff again argues there is a genuine factual dispute as to whether Defendant Officers had probable cause to arrest him, because he did not sufficiently match the description in the search warrant. (Pl.'s Resp. at 10.)

While the existence of probable cause is often a jury question, "summary judgment is appropriate when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them." *Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999); *Lanigan v. Vill. of East Hazel Crest*, 110 F.3d 467, 473 (7th Cir. 1997). "[P]olice executing a valid search warrant may arrest a resident found within the permissible scope of that search if the officers have probable cause to believe that the resident has committed a crime." *Russell v. Harms*, 397 F.3d 458, 467 (7th Cir. 2005). "The existence of probable cause to arrest is an absolute defense to any § 1983 claim against a police officer for false arrest or false imprisonment." *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706 (7th Cir. 2013). Whether an officer had probable cause depends on whether, at the time of the arrest, it was reasonable for that officer to believe that the defendant had committed or was committing an offense. *Beck v. Ohio*, 379 U.S. 89, 85 S. Ct. 223 (1964). The reasonableness of the arrest depends on what the officer knew at the time, not whether he knew the truth or whether he should have known more.

8

*Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986); *Qian*, 168 F.3d at 953 (holding that an officer's belief does not have to be correct so long as it is reasonable).

To have probable cause to arrest Plaintiff for possession of controlled substances, the Defendant officers "needed evidence 'tending to show that [Plaintiff] knew of the presence of the contraband and that it was in his immediate and exclusive possession.'" *Collier v. City of Chi.*, 14 C 2157, 2015 WL 5081408, at *5 (N.D. Ill. Aug. 26, 2015) (quoting *People v. Juarbe*, 318 Ill. App. 3d 1040, 1054, 743 N.E.2d 607, 619 (1st Dist. 2001)). However, "constructive possession may exist where there is an intent and capacity to maintain control and dominion over the contraband, and this may be proved by showing that the defendant controlled the premises where it was found." *Id.* (citation omitted); *Cf. People v. Scott*, 367 Ill. App. 3d 283, 283, 854 N.E.2d 795, 799 (1st Dist. 2006) (finding the defendant did not have constructive possession over a large bag of cocaine in a mailbox because he lacked a key to access that mailbox); *see also, e.g.*, *People v. Cunningham*, 309 Ill. App. 3d 824, 828, 723 N.E.2d 778, 782 (1st Dist. 1999) (finding sufficient evidence that the defendant had constructive possession over drugs found on premises to which he had a key, where he received his mail, and which was listed on his driver's license).

At the time of Plaintiff's arrest, Defendant Officers were executing a valid search warrant, and Plaintiff was present in the apartment. (Def.'s SOF ¶ 34; Pl.'s Resp. to Def.'s SOF ¶ 34.) The search warrant described a person who had, according to a confidential informant, sold heroin in the apartment. While there were some discrepancies, Plaintiff approximately matched the general characteristics of the person described by the confidential informant and in the search warrant, including his height, weight, skin color, and complexion. (Dkt. No. 76–2.) *See Tibbs*, 469 F.3d at 664. Defendant Officers searched the apartment and

found heroin, including in the front south bedroom, along with mail addressed to Plaintiff and bearing the apartment's address. (Def.'s SOF ¶¶ 35, 37; Pl.'s Resp. to Def.'s SOF ¶¶ 35, 37.) Defendant Officers also searched Plaintiff and found a key that opened the door to the apartment. (Def.'s SOF ¶ 36; Pl.'s Resp. to Def.'s SOF ¶ 36.) Given the information known to Defendant Officers at the time, there can be no difference of opinion that they were reasonable in concluding Plaintiff had committed the crime of possession of a controlled substance. Accordingly, we find there is no genuine factual dispute as to whether Defendant Officers had probable cause to arrest Plaintiff, and we grant Defendants' motion for summary judgment on Plaintiff's § 1983 claim.

## II.   Malicious Prosecution and Indemnification

Plaintiff's second amended complaint also alleges a malicious prosecution claim, (Dkt. No. 48 at Pg. ID#: 115), but Defendants have not moved for summary judgment on that claim. (*See* Def.'s Reply at 11 ("There is no pending malicious prosecution claim.").) Plaintiff's malicious prosecution claim therefore survives. Defendants also move for summary judgment on Plaintiff's state-law indemnification claim, because "no Defendant Officer is liable to Plaintiff in this case. Therefore, Defendant City of Chicago cannot be directed to pay any tort judgment on their behalf." (Pl.'s Mem. at 14.) *See* 745 ILCS 10/9–102. Because Plaintiff's malicious prosecution claim against the Defendant Officers remains, we deny Defendants' motion for summary judgment on Plaintiff's state-law indemnification claim.

## III.   Jurisdiction

As only Plaintiff's state-law malicious prosecution and indemnification claims remain, we must consider whether to retain supplemental jurisdiction pursuant to 28 U.S.C § 1367. "When all federal claims in a suit in federal court are dismissed before trial, the presumption is

that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Center v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) (citing 28 U.S.C. § 1367(c)). That presumption "should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion in areas of purely state law." *RWJ Mgmt. Cos., Inc. v. BP Prods. N. Am.*, 672 F.3d 476, 479 (7th Cir. 2012) (internal quotation marks omitted) (quoting *Khan v. State Oil. Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996)).

The Seventh Circuit has "identified certain circumstances that may displace the presumption," the most relevant of which is that "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." *Id.* at 480. All that remains in this litigation is trial on Plaintiff's state-law claims. While this action has been in federal court for several years, we have decided no dispositive motions concerning Plaintiff's state-law malicious prosecution claim. In our July 1, 2013 Order on Defendants' motion to dismiss Plaintiff's state-law claims, we acknowledged that Plaintiff had not alleged a state-law malicious prosecution claim and, if he intended to bring such a claim, "he should seek to submit an amended complaint that cleared includes the claim." (Dkt. No. 19 at 2.) Plaintiff's second amended complaint included a state-law malicious prosecution claim, (Dkt. No. 48 at 4), but it appears the parties have dedicated very little, if any, time to that claim. (*See* Def.'s Reply at 11 ("There is no pending malicious prosecution claim.")). Accordingly, we find that retaining jurisdiction over Plaintiff's state-law claims would needlessly encroach on areas of state law, and we therefore dismiss those claims without prejudice. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

11

## CONCLUSION

For the above reasons, we grant Defendants' motion for summary judgment with respect to Plaintiff's § 1983 claim, and deny Defendants' motion with respect to Plaintiff's state-law malicious prosecution and indemnification claims. Plaintiff's state-law claims are dismissed without prejudice. This case is terminated. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: April 18, 2017
       Chicago, Illinois